The decree of the court below is, therefore, reversed and the cause dismissed.

---

ST. LOUIS SOUTHWESTERN RAILWAY CO. v. MURPHY.

Opinion delivered October 23, 1916.

1. RAILROADS—INJURY TO PERSON CROSSING TRACKS—"LOOKOUT STATUTE"—CONTRIBUTORY NEGLIGENCE.—The duty of either a traveler or trespasser to exercise care for his own safety when crossing railway tracks is not changed by Act 284 of Acts of 1911, known as the "Lookout Statute."

2. RAILROADS—INJURY TO PERSON CROSSING TRACKS—DEFENSE OF CONTRIBUTORY NEGLIGENCE—EFFECT OF LOOKOUT STATUTE.—Contributory negligence on the part of a traveler or trespasser, is a valid and sufficient defense to a suit for damages for injuries sustained at a railway crossing, unless, notwithstanding the contributory negligence, the operatives of the train discover  or, in the exercise of ordinary care, should discover the presence and peril of the person injured in time to avoid injuring him by the exercise of reasonable care.

3. DAMAGES—PERSONAL INJURIES—DAMAGE TO PROPERTY—AMOUNT.—Appellee was struck by one of defendant's engines while driving across defendant's tracks. *Held*, where one mule, valued at $225.00, was killed, the wagon valued at $70.00, was demolished, appellee incurred a doctor's bill of $75.00, and sustained injuries causing much

pain, confining him to his bed, rendering him unable to work for a month, and caused an impairment of his capacity to labor, a verdict for $1,150.00 is not excessive.

Appeal from Pulaski Circuit Court; Third Division. *G. W. Hendricks*, Judge; affirmed.

*Edw. A. Haid, F. G. Bridges and W. T. Wooldridge*, for appellant.

1. The court erred in refusing to submit to the jury the duty of a traveler at a public railroad crossing or the question of his negligence in that regard. The amendatory act to the lookout statute, Acts 1911, p. 275, does not relieve a traveler from the duty to stop, look and listen for the approach of a train at a railroad crossing. 112 Ark. 542, 460; 117 Ark. 457, 463, 464; 78 Ark. 355; 118 Ark. 36, 41.

2. The judgment is clearly excessive.

*Geo. F. Jones and R. L. Floyd*, for appellee.

The court's instructions follow the law as recognized by this Court in practically every case tried here on appeal since the amendment to the lookout statute. If there was any negligence on the part of appellee, which is not conceded, this would not relieve appellant of liability, if they failed to keep a lookout as provided under the law, and, had such lookout been kept, they could, by the exercise of ordinary care, have avoided injuring appellee. 113 Ark. 353; 112 Ark. 401; 110 Ark. 444; 116 Ark. 514; 123 Ark. 94; 108 Ark. 327, 334.

SMITH, J. Appellee recovered judgment for damages to compensate an injury sustained by him as a result of a collision between one of appellant's switch engines and his wagon in which he was driving at the time. The collision occurred at a crossing near the city of Argenta and as a result of it, in addition to his own injury, one of appellee's mules was killed and the other was injured and his wagon demolished. There was a judgment at the trial below in appellee's favor for $1,150.00, and appellant now says that, not only

should no recovery whatever have been permitted, but that the recovery was for an excessive amount.

Appellant chiefly complains of the action of the court in refusing to charge the jury upon the subject of appellee's contributory negligence, and sets out in its brief a correct declaration of the law on this subject as it has been announced in many opinions of this court.

(1-2)    There is nothing in Act No. 284 of the Acts of 1911, page 275, commonly known as the "Lookout Statute," which changes the duty of either a traveler or a trespasser to exercise care for his own safety when crossing or when upon the railroad tracks, as that duty has been frequently declared by this court. And contributory negligence on the part of the traveler or the trespasser is still a valid and sufficient defense to a suit for damages for an injury unless—notwithstanding this contributory negligence—the operatives of the train discover or, in the exercise of ordinary care should discover, the presence and peril of the person injured in time to avoid injuring him by the exercise of reasonable care after the discovery of such peril.

The operatives of the train testified that appellee drove his wagon upon the track at the crossing so near the engine that the engineer and fireman in charge thereof did not see and could not have seen the wagon in time to avoid striking it and at appellant's request the court gave an instruction numbered 4 which reads as follows:

"If you believe from the evidence that the wagon and team in which plaintiff was riding came so suddenly upon defendant's track at the crossing and so near the switch engine that the engineer and fireman in charge of said engine did not see and could not have seen the perilous position of such wagon and team by the exercise of ordinary care to have stopped the train in time by the exercise of ordinary care to have prevented the engine from striking such wagon and team and causing plaintiff's injury, then your verdict should be for the defendant."

Appellant is, therefore, in no position to complain of the action of the court in refusing to charge upon the question of appellee's contributory negligence. Under the instructions set out above that question passed out of the case. The instruction told the jury to find for the railroad company unless the engineer and fireman saw or could have seen the perilous position of the wagon in time to have stopped the train and to have prevented the collision and if the peril was so discovered then it was no defense that appellee was guilty of negligence contributing to his injury.

Other instructions in the case, including those given at appellee's request, predicate the right of recovery upon the fact that appellee's presence and peril were discovered or, in the exercise of ordinary care, could have been discovered in time to have avoided his injury by the exercise of reasonable care thereafter, and no error was committed, therefore, in refusing to declare the law upon an immaterial question.

(3) We are unable to say that the damages awarded are so excessive that we must reduce the judgment. Appellee testified that his mule which was killed was worth $225.00, and that his wagon cost him $70.00, and that he incurred a doctor's bill of $75.00, and sustained injury to his side and back which caused him much pain and confined him to his bed for ten days and rendered him unable to do any work for a month, and had caused an impairment of his capacity to labor from which he was still suffering to some extent.

The judgment of the court below is, therefore, affirmed.