BLYTHEVILLE, LEACHVILLE & ARKANSAS SOUTHERN RAILWAY COMPANY v. GESSELL.

Opinion delivered May 7, 1923.

1. RAILROADS—LOOKOUT STATUTE—DUTY OF TRAIN OPERATIVES.— While the lookout statute (Crawford & Moses' Dig., § 8568) imposes upon a railroad company the duty of keeping a constant lookout and makes the failure to keep this lookout the proximate cause of such injuries as could have been averted if the lookout had been kept, the train operatives have a right to assume that a traveler or pedestrian approaching a railroad track will act prudently, and their duty to take precautions begins only when it becomes apparent that the traveler at the crossing will not do so.

2. RAILROADS—LOOKOUT STATUTE—INSTRUCTION.—An instruction which makes it the duty of train operatives to take precautions upon discovery of the presence of persons near the track, instead of upon discovery of their peril, is reversible error where specific objection is taken.

Appeal from Mississippi Circuit Court, Chickasawba District; *W. W. Bandy*, Judge; reversed.

*Little, Buck & Lasley,* for appellant.

Assuming that the court will follow the harsh construction of the lookout statute made in 108 Ark. 326, it is still insisted that there was no testimony showing that appellee's peril could have been discovered, had the lookout been kept, in time to have prevented the injury, and the court should have directed a verdict for appellant. Appellee's contributory negligence barred him from recovering for appellant's failure to give crossing signals. 97 Ark. 410; 90 Ark. 21; 149 U. S. 43; 61 Ark. 549; 76 Ark. 231. Both instructions given by the court are erroneous.

*Costen & Harrison,* for appellee.

The facts in this case are stronger than those in *St. L. & S. F. Ry. Co. v. Champion,* 108 Ark. 326, where the lookout statute was correctly construed. As to the question of contributory negligence on the part of appellee, the facts here are strikingly like those of 138 Ark. 589. See also 115 N. E. 753; 125 N. E. 793; 262 Pa. 421; 105 Atl. 636; 173 Pac. 1117. Instruction numbered one was not subject to objections made thereto nor erroneously given. A very similar instruction was approved in 102 Ark. 386; 107 Ark. 431; 105 Ark. 294. Appellant might have been entitled to an instruction more specifically presenting its view, but asked none. 111 Ark. 229; 102 Ark. 322; 78 Ark. 55. Instruction number 2 was given at appellant's request.

SMITH, J. Appellee recovered judgment for damages to compensate an injury done to an automobile truck by being struck by one of appellant railroad company's locomotives. The collision occurred near the city of Blytheville about three o'clock in the afternoon of December 31, 1921.

It was alleged, and there was testimony from which the jury could have found, that no signal was given and no lookout was kept as the engine approached the crossing. It was also alleged that the engine was operated at a dangerous and excessive rate of speed, but the wit-

nesses who testified on this subject stated the engine was running seven, eight or nine miles an hour.

Appellee testified that, when he got within about fifty yards of the crossing, he shoved the clutch into neutral, and then looked to the right and then to the left to see if a train was coming. He saw some empty box-cars on a sidetrack, but no train, and then turned his attention to driving his car across the track. He also testified that he applied his brake as he approached the crossing.

The undisputed testimony shows that, notwithstanding the cars on the sidetrack, appellee had a clear view of the track before driving on it for a distance of a hundred to one hundred and fifty yards in the direction from which the engine approached.

No testimony was offered on behalf of the railroad company, except that developed in the cross-examination of appellee and his witnesses, and the jury no doubt found that the engineer on the locomotive did not keep a lookout nor give signals, and that the driver of the truck was guilty of contributory negligence. After striking the truck the engine ran only four or five car-lengths.

It is apparent from the instructions given that appellee predicated his right to recover upon the amended lookout statute appearing as § 8568, C. & M. Digest. This statute has been construed as imposing upon the railroad company the duty of keeping a constant lookout, and makes the failure to keep this lookout the proximate cause of such injuries as could and would have been averted had the lookout been kept, if the employees in charge of the train could have discovered the *peril* of the person injured by keeping such lookout, in time to have prevented the injury, by the exercise of reasonable care after the discovery of such peril, notwithstanding the contributory negligence of the person injured. *St. L. & S. F. R. Co.* v. *Champion,* 108 Ark. 326; *St. L. S. W. R. Co.* v. *Murphy,* 125 Ark. 507; *C. R. I. & P. Ry. Co.* v. *Scott,* 123 Ark. 94.

The court gave, at appellee's request, an instruction numbered 1, reading as follows: "You are instructed that it was the duty of the defendant, of the employees of the defendant, its employees in charge of the engine and train in question, to keep a constant lookout for persons or property on or near its track, and in this case, if you find from a preponderance of the evidence that the engine of defendant, while being operated by defendant, on its track, at the time and place claimed by plaintiff, struck plaintiff's truck, that said truck, as a direct and proximate result of the striking of said truck by said engine, was damaged, and you find from the evidence that the defendant or its employees failed to keep a constant lookout for persons or property on or near its track, and further find that, if such lookout had been kept, the employees of defendant could have discovered the truck in time to have prevented the engine striking the same, if you in fact find the engine struck the truck, and have prevented the injury complained of, your verdict should be for the plaintiff, and this notwithstanding the fact that plaintiff himself was guilty of carelessness or negligence in the driving or management of the truck which contributed to the injury."

To this instruction the specific objection was made that the statute did not apply until both the presence and the peril of the truck was discovered, or could have been.

In our opinion, the instruction should have been modified to conform to this objection. The operatives of trains have the right to assume that a traveler or a pedestrian approaching a railroad track will act in response to the dictates of ordinary prudence and the instinct of self-preservation, and will, in fact, stop before placing himself in peril, and the duty of the railroad employees to take precautions begins only when it becomes apparent that the traveler at a crossing will not do so.

The statute referred to imposes upon the railroad the duty to maintain a constant lookout, and charges it

with the responsibility of having seen what would have been seen, had this lookout been kept, and imposes upon the carrier the degree of care it should have exercised had the lookout been kept and the traveler's peril thereby observed; and if, by keeping this lookout, the railroad company could and would have discovered the traveler's peril in time to avert the injury, it is liable if it fails to do so, notwithstanding the fact that the traveler's contributory negligence placed him in peril. But it does no more than this. The duty of the railroad to take precautions begins when it discovers, or should have discovered, the peril of the traveler. So here the railroad company should have kept the lookout, and is chargeable with such knowledge as it would have had had the lookout been kept; but if the lookout had, in fact, been kept and appellee's presence near the track discovered, this would have imposed no duty on the railroad to stop the engine or to take other precautions until the peril of the traveler was discovered. In other words, the instruction as given does not distinguish between the presence of the truck and the peril of the truck, and this should have been done when the specific objection to the instruction was made, and the failure to so modify the instruction was error. No other error appears.

Judgment reversed, and cause remanded.