YAFFEE v. FORT SMITH LIGHT & TRACTION COMPANY.

## Opinion delivered July 2, 1923.

1. DAMAGES—EVIDENCE.—In an action for injuries from a collision between plaintiff's automobile and a street-car, evidence *held* to sustain a finding that plaintiff received no substantial injury in the collision.

2. APPEAL AND ERROR—WEIGHT OF TESTIMONY.—The Supreme Court will not weigh the testimony, further than its legal sufficiency to sustain the finding complained of.

3. DAMAGES—NOMINAL DAMAGES.—In a personal injury action plaintiff was entitled at least to nominal damages on a finding of negligence by defendant's servants, causing the injury.

4. APPEAL AND ERROR—ERROR AS TO NOMINAL DAMAGES.—Appellant cannot complain of a judgment denying him merely nominal damages.

5. APPEAL AND ERROR—INSTRUCTION—GENERAL OBJECTION.—A general objection to an instruction which is not inherently erroneous calls for no analysis thereof merely to discover formal defects.

6. APPEAL AND ERROR—INSTRUCTION—GENERAL OBJECTION.—In an action for injuries received in a collision between plaintiff's automobile and defendant's street-car, an instruction that, if the motorman or conductor saw the plaintiff in a situation "where it was inevitable for plaintiff's automobile to strike the said street-car," it was their duty to use all reasonable means in their power to avoid the collision by reducing the speed or stopping the street-car, *held* not reversible error, though the language was of doubtful import, where no specific objection was made.

Appeal from Crawford Circuit Court; *James Cochran,* Judge; affirmed.

*Chew & Ford,* for appellant.

The verdict on the first count of the complaint for personal injury is wholly unsupported by the testimony, is contrary to the evidence. The uncontradicted testimony shows appellant was injured, and lost his sight as a result thereof.

*Hill & Fitzhugh,* for appellee.

The testimony relative to the personal injury was not undisputed. Appellant asked an instruction submitting the question to the jury, and the verdict is amply

supported by the evidence.  82 Ark. 86; 82 Ark. 105; 93 Ark. 472.  On the cross-appeal it is insisted that the court erred in refusing defendant's requested instructions Nos. 8, 12, 13, 15 and 21, and also in giving instructions 10, 9 and 8 on behalf of plaintiff.  Said instruction 8 is altogether and inherently erroneous.  93 Ill. App. 387; 51 Atl. 421; 65 Pac. 284.

McCULLOCH, C. J.  This action was instituted by the plaintiff, Simon Yaffee, against the Fort Smith Light & Traction Company to recover damages on account of personal injuries, and injuries to plaintiff's automobile, alleged to have been caused by a collision between the automobile and a street-car.  In the complaint, negligence on the part of the men operating the street-car is charged with running the car at high speed and failing to give warning of the approach to a crossing, and with failing to exercise ordinary care to prevent the collision, after discovery of the perilous situation of plaintiff and others in the automobile.

The answer contained appropriate denials of all the allegations of the complaint with respect to the responsibility for the collision, and also a denial of the allegations in regard to the extent of the injuries sustained by plaintiff.

There are two separate allegations in the complaint, the first seeking damages for loss of plaintiff's eyesight, and in the second paragraph damages are laid on account of the destruction of the automobile.

There was a trial of the issues, which resulted in a verdict in favor of the defendant on the first paragraph of the complaint, and a verdict in favor of the plaintiff on the second paragraph, and assessing the damages for destruction of the automobile in the sum of $700. The form of the verdict was:  "We, the jury, find for the plaintiff in the sum of $700 for damages to car, and nothing for personal injury."  Each party asked for a new trial and appealed, and the respective motions were overruled.  The case being here on a former appeal of

the plaintiff from a judgment in favor of the defendant, we reversed the judgment and remanded the cause for a new trial on account of error in the court's charge to the jury. *Yaffee* v. *Ft. Smith Light & Traction Co.* The facts are stated in greater detail in the opinion on the former appeal than is necessary to do at present.

The plaintiff asks for a reversal of the judgment on the ground that the verdict against him on the paragraph seeking recovery for personal injuries was not supported by any substantial testimony.

The undisputed facts are that appellant, accompanied by members of his family, was driving an automobile along one of the streets of Fort Smith on Sunday afternoon, August 1, 1920, and there was a collision between his car and the street-car at a crossing where two streets intersected. The automobile was badly damaged, and there is no contention on the part of defendant that the verdict was excessive on that branch of the case. Plaintiff testified that, when the collision occurred, he was endeavoring to get hold of the emergency brake, and that the impact threw his head against the steering-wheel and inflicted a painful injury. He and some of the other witnesses said that there was a gash cut in his head. He claims that the impact and shock caused him to lose his eyesight. There was abundant testimony to support plaintiff's contention that he was thrown against the steering-wheel and received an injury which caused the loss of his eyesight. He introduced witnesses whose testimony tended to show that the loss of his eyesight was caused by injuries received at the time of the collision. On the other hand there is, we think, substantial testimony that the plaintiff received no physical injury at the time of the collision. He stated that immediately after the collision he felt pain and began to notice that his eyesight was affected, but witnesses introduced by defendant stated that they were at the scene a few moments after the collision occurred, and that appellant not only stated that no

one had been hurt, but that he gave no evidence by his conduct of having received any injury. These witnesses say that they saw no bruises or scars, and did not see him holding up his hands to his eyes, as some of the plaintiff's witnesses claimed they saw.

The collision occurred during the afternoon, and shortly before eight o'clock that night appellant sent for his family physician, Dr. McGinty, on account of one of his children sticking a nail in his foot, and, after the physician treated the boy's foot, plaintiff called on him to examine his eye, claiming, according to Dr. McGinty's testimony, that he had received an injury. The doctor testified that he is a general practitioner, and had no special experience in the treatment of eye troubles, but that he examined plaintiff's head and eyes carefully and found no bruises or other injuries on his head, and could not discover anything wrong with plaintiff's eye. Some of the witnesses testified that plaintiff's eyes were blood-shot at that time; Dr. McGinty testified that he found nothing of that kind. He recommended to plaintiff that he go to a specialist, Dr. Moulton, for treatment the next morning. Plaintiff went to see Dr. Moulton the next morning, and the doctor testified that he found both of plaintiff's eyes markedly deficient in sight, but that it was an old trouble and had not recently begun. He testified that there were no scars or bruises about plaintiff's head or face, and that his eye appeared to be normal, until he examined it with an opthalmoscope and its injured condition was found, but that that condition was, as before stated, of long duration.

We are of the opinion that this testimony was sufficient to warrant the jury in finding that plaintiff received no substantial injury resulting from the collision. We are not called on to weigh the testimony further than its legal sufficiency. Plaintiff was, of course, entitled to at least nominal damages upon a finding of negligence on the part of defendant's servants in causing the injury, but causes are not remanded for a new

trial on account of failure to award merely nominal damages. Plaintiff recovered costs below on account of the verdict being in his favor on the second paragraph of the complaint, therefore he had no ground to appeal from the judgment merely denying him nominal damages.

The evidence warrants a finding that plaintiff not only did not receive an injury to his eyesight, as claimed, but also that he did not suffer any personal injury at all to the extent that entitled him to anything more than nominal damages.

We next consider the appeal of the defendant, and we discover no grounds for reversal of the judgment. There are numerous exceptions to the rulings of the court in giving and refusing instructions, but we find that none of these assignments of error are of sufficient importance to discuss, except the one which relates to the giving of instruction No. 8, at the request of appellant, which reads as follows:

"Should you believe from the evidence that the defendant's motorman or conductor in charge of one of its street-cars, while approaching C Street at a point where C Street crosses defendant's track, saw plaintiff at a distance of fifty or sixty feet from the track at said crossing, approaching said track at a speed of fifteen or twenty miles an hour, and that it was inevitable for plaintiff's automobile to strike the said street-car, or the said street-car to strike plaintiff's automobile, then it became and was the duty of said motorman or conductor to use all reasonable means in their power to reduce the speed of said street-car or stop same in order to avoid the said street-car being struck by plaintiff's automobile or plaintiff's automobile being struck by said street-car. And if you believe from the evidence, circumstantial or direct, that said motorman or conductor failed to exercise reasonable and ordinary care to reduce the speed of said street-car or stop same in time to avoid the injury complained of, then your verdict should be for plaintiff, although you may believe

that plaintiff was himself at the time negligent in so approaching said street-car.''

The objection to this instruction was general, and, unless it was inherently erroneous, this does not call for an analysis of the instruction merely to discover the formal defects. It is clear from a consideration of the language of the instruction that the court meant to tell the jury, in substance, that if the motorman saw, or the conductor saw, the plaintiff in a perilous position, or, using the language of the instruction, in a situation where ''it was inevitable for plaintiff's automobile to strike the said street-car, or the said street-car to strike plaintiff's automobile,'' then it was their duty to use all reasonable means in their power to avoid the collision by reducing the speed of the car or stopping. This is what the instruction was intended to mean, and what it does mean, taking the language in its ordinary acceptation. The language, it is true, is of doubtful import, but this ought to have been met by a specific objection to its form. Counsel rely upon our decision in the recent case of *Blytheville, Leachville & Ark. Southern Ry. Co. v. Gessell,* 158 Ark. 569, where we reversed a judgment for recovery on account of an injury to an automobile truck at a crossing because of an erroneous instruction on the duty of the railroad company to keep a lookout; however, there was a specific objection in that instance to the erroneous instruction, which called the attention of the court to the defect. The instruction is not, we think, open to the objection that it assumes the existence of material facts, but, if there was doubt upon that subject, that too should have been covered by a specific, not a general, objection.

Upon the whole, we are of the opinion that the cause was sent to the jury on proper instructions, and that there was no prejudicial error in the trial, and that the judgment should be affirmed on both appeals. It is so ordered.