HUFF *v.* MISSOURI PACIFIC RAILROAD COMPANY.

Opinion delivered March 8, 1926.

RAILROADS—FAILURE TO KEEP LOOKOUT—CONTRIBUTORY NEGLIGENCE.— Under Crawford & Moses' Dig., § 8568, providing that, if any person or property shall be killed or injured by the neglect of any employee of any railroad to keep a lookout, the company shall be responsible, notwithstanding the contributory negligence of the person injured, where, if such lookout had been kept, the employee could have discovered the peril of the person injured

in time to have prevented the injury, *held* that the protection applies to property damage as well as personal injury, and that in the case of an injury to property the contributory negligence of the owner is not a bar to a recovery.

Appeal from Miller Circuit Court; *James H. Mc-Collum,* Judge; reversed.

*J. M. Carter* and *B. E. Carter,* for appellant.

*E. B. Kinsworthy* and *R. E. Wiley,* for appellee.

McCULLOCH, C. J. Appellant sues to recover the value of a motor truck, which was struck and demolished by one of appellee's passenger trains near Homan, a station in Miller County, north of Texarkana. Appellant was driving the truck himself, but jumped off immediately before it was struck by the engine, and thus escaped personal injury. Negligence is charged against the servants of appellee in failing to keep a lookout, and in failing to sound an alarm after discovering appellant's perilous position in proximity to the railroad track. Appellee answered denying the charge of negligence, and pleading contributory negligence on the part of appellant. On the trial of the issue, the court directed a verdict in favor of appellee.

There is an improved highway running parallel with the railroad track, about fifty feet distant, and appellant was traveling in his truck northward along that road. The road was being surfaced with gravel at the time, and appellant, with other persons, was engaged in hauling gravel to use in the work of surfacing the road. The gravel was shipped to Homan by rail, and was hauled out of cars standing on a spur track, which was situated across the main track from the public road. There was a crossing about one hundred feet south of the station, and the trucks crossed there in order to get to the gravel cars. Appellant's truck was struck by a northbound passenger train as he was crossing over to get to the gravel car.

Appellant testified that, when he came to the turn where the road crossed the railroad track, he looked up

the track to the north, but did not look to the south; that
he heard no signals by bell or whistle; that there was a
slight depression between the graveled road and the rail-
road track, and that, as he turned up from this depression
to come upon the track, he discovered the near approach
of the train, and, seeing that it would hit his truck before
he could stop it, he jumped and escaped injury.   Other
witnesses testified, in corroboration of appellant's state-
ment that there was no signal sounded.   The track was
straight for a long distance south, and there was no
obstruction of any kind.   Appellant could have seen the
train approaching if he had looked towards the south, and
the engineer and fireman could have seen appellant driv-
ing his truck at any time if they had been looking. Appel-
lee did not introduce any testimony.

Our conclusion is that, upon this state of facts—
according to it the greatest force that it reasonably justi-
fied—the court erred in taking the case from the jury by
a directed verdict.

The jury might have found that the engineer and
fireman failed to keep a lookout, as required by statute
(Crawford & Moses' Digest, § 8568), and that, if an
efficient lookout had been kept, appellant's position of
peril could have been discovered in time to have prevented
the injury by giving danger signals, and that no such
signals were given.   The jury might have found also
that the engineer or fireman actually discovered appel-
lant's peril in time to have given him warning by whistle
so as to prevent the injury.   Appellant was traveling
northward along the public highway, in full view of the
approaching train, and the men operating the train had
the right to assume that appellant would not drive upon
the track ahead of the train; but, according to the evi-
dence, there is a distance of about fifty feet from the main
road over to the track, and they saw, or could have seen,
appellant making the turn to cross the track, apparently
oblivious of the approach of the train.   It was within
the province of the jury to find that it constituted negli-

gence on the part of the engineer or fireman not to sound a warning blast of the whistle when he saw the truck turn towards the railroad crossing immediately in front of the engine. A loud blast of the whistle might have attracted appellant's attention so that he could bring the truck to a stop before it reached the railroad track. Therefore the failure to keep a lookout or to sound the whistle was the proximate cause of the injury.

But it is contended by counsel for appellee that, according to the undisputed evidence, appellant was guilty of contributory negligence in attempting to drive upon the track without looking up and down the track for the approach of a train, and that this act of contributory negligence bars recovery of damage to property under the lookout statute, *supra*. We think that counsel are correct in the contention that the undisputed evidence establishes negligence on the part of appellant in failing to look for approaching trains before attempting to cross the track. The injury occurred in broad daylight, the track was straight, and there were no obstructions, and appellant could have seen the approaching train if he had looked towards the south. He was travelling northward, and could see up the track without effort, and it was his duty to look towards the south to see whether a train approached from that direction. It was his duty, in order to make his precautions effective, to look up and down the track (*St. Louis-San Francisco Ry. Co.* v. *Crabtree,* 69 Ark. 134), and there was nothing in the circumstances or surroundings to relieve appellant from the duty of looking to the south as well as to the north, hence he was guilty of negligence in failing to look. Such negligence does not, however, bar recovery under the lookout statute, and counsel for appellee are mistaken in their contention that it does so. The statute declares, in so many words, that "if any person or property shall be killed or injured by the neglect of any employee of any railroad to keep such lookout, the company owning or operating any such railroad shall be liable and

responsible to the person injured for all damages resulting from neglect to keep such lookout, notwithstanding the contributory negligence of the person injured, where, if such lookout had been kept, the employee or employees in charge of such train of such company could have discovered the peril of the person injured in time to have prevented the injury, by the exercise of reasonable care, after the discovery of such peril.'' The contention of counsel is that this applies to personal injury, and not to injuries to property, but such is not the effect of the statute. We have held that it applies to property damage as well as to personal injury. *Blytheville, L. & A. So. Ry. Co.* v. *Gessell,* 158 Ark. 569. In that case there was a property damage involved—the destruction of a truck, the same as in the present case—and in the opinion we said: ''This statute has been construed as imposing upon the railroad company the duty of keeping a constant lookout, and makes the failure to keep this lookout the proximate cause of such injuries as could and would have been averted had the lookout been kept, if the employees in charge of the train could have discovered the peril of the person injured by keeping such lookout, in time to have prevented the injury, by the exercise of reasonable care after the discovery of such peril, notwithstanding the contributory negligence of the person injured.'' Even if a proper lookout had been kept, contributory negligence would not bar a recovery where the injury was caused by negligence in failing to exercise care on the part of the engineer or fireman to avoid the injury after discovering the peril. So contributory negligence was not a bar to recovery, either under the lookout statute or under the doctrine of discovered peril.

The judgment is therefore reversed, and the cause remanded for a new trial.