MISSOURI PACIFIC RAILROAD COMPANY *v.* WILLIAMS.

Opinion delivered November 25, 1929.

*Thos. B. Pryor* and *H. L. Ponder,* for appellant.

*C. E. Yingling,* for appellee.

HART, C. J., (after stating the facts). It is first earnestly insisted that a verdict should have been directed in favor of appellant. The suit was brought under the provisions of section 8568 of Crawford & Moses' Digest, commonly called the lookout statute. It was the

contention of appellee that the appellant was negligent in failing to keep an efficient lookout as required by the statute, and in failing to give the statutory warnings for the approach of the train to the public crossing. Under Crawford & Moses' Digest, section 8568, providing that, if any person or property shall be killed or injured by the neglect of any employee of any railroad to keep a lookout, the company shall be responsible, notwithstanding the contributory negligence of the person injured, where, if such lookout had been kept, the employee could have discovered the peril of the person injured in time to have prevented the injury, it was held that the protection applies to property damage as well as to personal injury, and that, in the case of an injury to property, the contributory negligence of the owner is not a bar to a recovery. *Huff* v. *Mo. Pac. Rd. Co.,* 170 Ark. 665, 280 S. W. 684; *Blytheville, Leachville & Arkansas Southern Ry. Co.* v. *Gessell,* 158 Ark. 569, 250 S. W. 881; and *Kelly* v. *DeQueen & Eastern Rd. Co.,* 174 Ark. 1000, 298 S. W. 347.

Under the evidence, viewed in the light most favorable to appellee, the latter was traveling south along a public highway parallel with the railroad, and started to cross at a grade crossing in the town of McRae from west to east. On the west side of the track, some distance north of the crossing, there were two toilets on the right-of-way of the railroad. Weeds extended from these toilets nearly up to the rails of the track of the railroad company. The weeds were six or eight feet in height, and, together with the toilets, obstructed the view of an approaching train from the north so that he could not see an approaching train until he was nearly on the track. According to the testimony of appellee, he looked up and down the track for an approaching train before attempting to go on the crossing. His sense of hearing and his sense of sight were both normal. He was traveling at a very low rate of speed, of from three to five miles an hour, and did not see or hear any approaching train.

There was a cut about one-half mile north of the crossing which would prevent him seeing an approaching train until after it had run out of the cut on its way south. Appellee and two witnesses for him all testified that it was a clear, bright day, and that the statutory signals for the public crossing were not given. Two of the witnesses were looking at the approaching train, and said that the bell was not ringing, and that the whistle was not blown for the crossing until the train was within fifty or sixty yards of it. It is true that their testimony is contradicted by that of the engineer and that of the fireman, but it was within the province of the jury to find these disputed questions of fact in favor of the appellee. The jury might have found that the fireman and engineer were negligent in not giving the proper statutory signals for the crossing, and that, if they had been keeping an efficient lookout, they could have seen appellee in time to check the train, and thereby avoid demolishing the automobile.

It is next insisted that the court erred in giving instruction No. 2, which reads as follows:

"You are instructed that it is the duty of all persons running trains in this State, upon any railroad, to keep a constant lookout for persons or property upon the track of any and all railroads; and if any property shall be injured by the negligence of any employee of any railroad to keep such lookout, the company owning or operating any such railroad shall be liable and responsible for all damages resulting from negligence to keep such lookout, notwithstanding the contributory negligence of the person injured, where, if such lookout had been kept, the employee or employees in charge of such train of such company could have discovered the peril of the person injured in time to have prevented the injury, by the exercise of reasonable care after the discovery of such peril, and the burden of proof shall devolve upon such railroad to establish the fact that this duty to keep such lookout has been performed."

It is claimed that the instruction was misleading and prejudicial in the use of the phrase, "notwithstanding the contributory negligence of the person injured," since appellee was not at all injured in his person. It is the settled rule of this court not to reverse a judgment except for errors prejudicial to the rights of the appellant. This suit was not brought to recover compensation for injuries to the person of appellee. It was founded entirely upon the destruction of his automobile. The whole instruction is to be read together, and it is perfectly plain that the use of the words just quoted refer to the contributory negligence off the person injured in his property. Under the statute the railroad may be liable for injury to persons or property, notwithstanding the contributory negligence of the person receiving bodily injury or being injured in his property. We do not think that this assignment of error is well taken, and cannot perceive how appellant could have been in any sense prejudiced by the giving of the instruction.

Other errors are assigned, both as to the giving of instructions at the request of appellee and the refusing of others asked by appellant. We do not deem it necessary to set out any of these instructions. The court fully and fairly submitted the issues arising from the conflict of evidence under the principles of law decided in the cases above cited and many others which might be cited. The instructions asked by appellant and refused by the court were either covered by other instructions requested by appellant or the instructions were misleading on account of the language used in them.

We have carefully considered the assignments of errors set out, and find nothing therein prejudicial to the rights of appellant. The judgment is therefore affirmed.