MISSOURI PACIFIC RAILROAD COMPANY *v.* GRADY.
4-3224

Opinion delivered December 4, 1933.

304

*Thomas B. Pryor* and *Daggett & Daggett,* for appellant.

*S. S. Hargraves, Winstead Johnson* and *Fred A. Isgrig,* for appellee.

KIRBY, J., (after stating the facts). It is insisted that the testimony is insufficient to support the verdict or to show any negligence in failing to keep a lookout or that the injury was caused by the operation of the train.

The undisputed testimony shows that the place where the injury occurred was on a straight stretch of track 3 or 4 miles long and unobstructed in any way from the place where the decedent appeared to have been

struck by the train to far beyond where the body was found lying between the rails on the track badly mangled and torn. That both engines and trains that passed by the place where the injury occurred between the time deceased was seen walking on the track and the discovery of the body the next morning were equipped with strong head lights in good condition that cast a beam of light 800 to 1,000 feet ahead, and that either train could have been stopped in 600 feet at the rate of speed that they were going if they had discovered the peril of decedent. The enginemen both testified that a constant lookout was kept, that they did not discover him or his perilous position without any explanation tending to show why it could not have been done and the fact remains that the man was killed on the railroad track, all of the surrounding circumstances indicating that he was struck while walking on the track, knocked forward and dragged by the train from 50 to 100 yards along the track, blood, brains and fragments of flesh and clothing being scattered all along to where the body was found. The top of his head was mashed off, and the body was otherwise mutilated, one leg being gone and his clothing almost all torn off. There was no considerable amount of blood found anywhere along the right-of-way, except near where the body lay when found although it was splashed all along with brains and fragments of flesh and clothing from the place where the circumstances indicate he was first struck by the train. There was no effort made by any of the officers to investigate whether the death had been caused by any one else other than the railroad company, and there was no general belief aroused, so far as the testimony shows, that such was the case.

There is no merit in the contention that the testimony is insufficient to support the verdict nor that the death was caused other than by the operation of the railroad train, and under the circumstances herein the jury was warranted in inferring that such was the case and because of the failure of appellant's operatives of the train to keep the lookout as required by the statute and prevent injury to a trespasser even when his perilous position could have been discovered and the injury pre-

vented by the exercise of such ordinary care as the law, § 8568, Crawford & Moses' Digest, required under such circumstances. *St. Louis, I. M. & S. Ry. Co.* v. *Gibson,* 107 Ark. 431, 155 S. W. 510; *St. Louis-S. F. Ry. Co.* v. *Crick,* 182 Ark. 312, 32 S. W. (2d) 815; *Chicago, R. I. & P. Ry. Co.* v. *Cook,* 187 Ark. 914, 63 S. W. (2d) 341.

The testimony introduced attempting to show that the decedent might have been killed by being stabbed and put on the track of the railroad company where he was struck and run over is not sufficient to raise a doubt about how the death occurred. There was no considerable amount of blood found anywhere to indicate such bleeding as would necessarily have resulted from the severance of the arteries except the blood found in the immediate vicinity of the mangled and torn body, which would not have been discovered there so far from where the circumstances showed the train struck decedent, nor at all if he had been killed somewhere else and the body placed on the tracks where it was struck by the train. It is understood that dead bodies do not bleed profusely.

We find no error in the record, and the judgment is affirmed.