BALDWIN v. BRIM.

4-4161

Opinion delivered February 17, 1936.

R. E. Wiley and Henry Donham, for appellants.
McMillan & McMillan, for appellee.

JOHNSON, C. J.   This action was instituted by appellee, Monk Brim as father and next friend of his son, Elect Brim, against appellants, L. W. Baldwin and Guy A. Thompson, trustees for the Missouri Pacific Railroad Company, in the Clark Circuit Court to compensate a personal injury received by the son on September 21, 1934, at Benton, Arkansas, by and through the negligent operation of a train.   The complaint in effect alleged that, while Elect Brim lay asleep near appellants railroad track at a place in full view of the operators of their train, had a lookout been kept as required by § 6568 of Crawford & Moses' Digest, the operators of said train carelessly and negligently operated said train over and upon its tracks without keeping the required lookout, and thereby ran said train over and upon said Elect Brim when by the exercise of ordinary care his perilous position could have been discovered and avoided, thereby inflicting upon him very serious personal injuries to his damage in the sum of $3,000.

An answer was filed by appellants denying the material allegations of the complaint, and affirmatively pleading contributory negligence of said Elect Brim in bar of any right of recovery.

Upon trial to a jury of the issues joined, a verdict was returned in favor of appellee and against appellants for the sum of $2,000, and from a consequent judgment entered thereon this appeal comes.

The first assignment of error relates to the court's refusal to quash the jury panel as prayed by appellants, but since this exact contention was presented to and decided by us adversely to appellants' contention in *American Refrigerator Transit Co.* v. *Stroope,* 191 Ark. 955, 88 S. W. (2d) 840, it is not deemed necessary to review the question here.

Appellants next urge that the court erred in refusing to direct a verdict in their behalf, and this contention is grounded upon the alleged insufficiency of the testimony. This suit is predicated exclusively upon a violation of § 6568 of Crawford & Moses' Digest, commonly known as the "Lookout Statute." To make an issuable case for the jury's consideration under the "Lookout Statute" it was necessary that appellee establish by substantial testimony the following facts: first, that the injuries occurred by reason of the operation of a train; second, that the circumstances surrounding the injuries were such as to reasonably lead to the conclusion that the injuries would not have occurred had a proper lookout been kept; and, third, had such lookout been kept, the peril of the injured party could have, by the exercise of ordinary care, been discovered in time to have avoided the injury. *Missouri Pac. Rd. Co.* v. *Williams,* 180 Ark. 453, 21 S. W. (2d) 858; *Huff* v. *Missouri Pac. Rd. Co.,* 170 Ark. 665, 280 S. W. 648; *Blytheville, L. & A. S. R. Co.* v. *Gessell,* 158 Ark. 569, 250 S. W. 881; and *Kelly* v. *De-Queen & E. R. Co.,* 174 Ark. 1000, 298 S. W. 347.

A. That Elect Brim was injured by the operation of appellants' train is established by the uncontradicted testimony.

B. & C. Whether or not a proper lookout was kept by the trainmen operating the cars which produced the injury upon Elect Brim, and whether or not his perilous position could have been discovered, and his injuries avoided by the exercise of ordinary care, the testimony is in sharp conflict. That on behalf of appellee, when

viewed in the light most favorable to him as we are required to do, tended to show that he was lying down asleep near the east rail of its railroad tracks, and that his position there could have been discovered by the trainmen for a distance of approximately one-quarter mile if a proper lookout had been kept, and that the train could have been stopped in less than 1,000 feet. It was also shown that the fireman, at the time of the injury, although the only one in charge of the train who could have seen had he looked, was engaged in other matters, and was making no effort to keep a lookout as required by law. These facts and circumstances are amply sufficient to support the jury's finding that no proper lookout was being kept by the operators of the train at the time of the injury, and that they could have, by exercise of ordinary care, discovered his peril and avoided the injury. True it is that appellants' testimony tended to show that a proper lookout was kept and that, because of certain physical barriers, the injured party's presence and peril could not by exercise of ordinary care have been discovered, and the injury avoided, but this was the issue which was and should have been submitted to the jury.

The contentions urged by appellants have been before this court many, many times, and it would serve no useful purpose to again review and reiterate the established doctrine. See *Missouri Pac. Rd. Co.* v. *Grady,* 188 Ark. 302, 65 S. W. (2d) 539, and cases there cited.

Appellants next complain that the court erred in telling the jury by plaintiff's requested instruction number one that it is the duty of all persons running trains in this State upon any railroad track to keep a constant lookout for persons upon or "along side the tracks, etc." The contention is that "along side the tracks" is an addition to the statute and places a greater burden upon appellants than the statute requires. This exact contention was presented, urged and decided by us adversely to appellants' contention in *Bush* v. *Brewer,* 136 Ark. 246, 207 S. W. 322, therefore it appears unnecessary to review the cases cited on this point.

Complaint is also made of the court's modifying and refusing to give to the jury in charge certain requested instructions which had the purpose and effect to acquit appellants of liability if the contributory negligence of Elect Brim was equal to or greater than the negligence of appellants' servants and employees.

This contention is in the very teeth of the statute. It fixes liability upon the conditions heretofore stated, "notwithstanding the contributory negligence of persons injured," and we have so expressly decided in the cases cited, *supra*. But appellants urge that in other cases, (*M. P. Rd. Co.* v. *Trotter,* 184 Ark. 790, 43 S. W. (2d) 762; *Cato* v. *St. L. Sw. Ry. Co.,* 190 Ark. 231, 79 S. W. (2d) 62; *C. R. I. & P. Ry. Co.* v. *French,* 181 Ark. 277, 27 S. W. (2d) 1021; *St. L. S. W. Ry. Co.* v. *McClinton,* 178 Ark. 73, 9 S. W. (2d) 1060; *St. L. S. F. Ry. Co.* v. *Kirkpatrick,* 155 Ark. 632, 244 S. W. 35), we have impaired the doctrine announced in the cases first referred to, and that this impairment is not only justified, but is impelled by § 6875 of Crawford & Moses' Digest. Such is not the purpose or effect of said section. This section is a part of act 156 of 1919, and the second section thereof expressly provides that the act shall not repeal any statute now in force, enacted for the protection of persons or property against damage done by railroads in this State, but shall be deemed and considered as additional protection to persons damaged by the running of trains in this State. This language negatives any impairment of the "Lookout Statute."

The Gessell and Williams cases cited, *supra,* were decided subsequent to the act of 1919, and we doubt not its due consideration in these cases. The McClinton and Cato cases cited and relied upon by appellants have no bearing upon the issues here considered because they arose under facts where no lookout, however efficient, could have discovered the perilous position of the parties injured. All other cases cited and relied upon by appellants may be clearly distinguished in principle. The Trotter and French cases, *supra,* chiefly relied upon by appellants are not in conflict with the views here expressed. Each of these cases were bottomed upon two

acts of negligence, namely: first, failure to observe the statute requiring the ringing of the bell, etc., see § 8559, Crawford & Moses' Digest; second, failure to keep a lookout as required by § 8568. Under § 8559, Crawford & Moses' Digest, contributory negligence is not excluded as a defense, complete or partial, whereas under § 8568 contributory negligence is excluded as a defense by its terms. So, it definitely appears that both the French and Trotter cases are right in principle, but have no application or controlling effect on the case under consideration because this suit rests exclusively upon § 8568.

Finally, appellants contend that the verdict and judgment for $2,000 is excessive. It is unnecessary to review the testimony in this regard. It suffices to say that the boy was very painfully, seriously, and probably permanently injured, and the jury's award does not appear to be excessive.

No error appearing, the judgment is affirmed.