PYE *v.* CHICAGO, ROCK ISLAND & PACIFIC RY. CO., ET AL.

4-4484

Opinion delivered January 11, 1937.

*Emerson E. Eary, W. P. Beard* and *D. K. Hawthorne,* for appellant.

*Thos. S. Buzbee* and *H. T. Harrison,* for appellees.

BUTLER, J.   This action was instituted to recover damages for the alleged negligent killing of appellant's

intestate by a train, the property of the Chicago, R. I. & P. Railway, operated by the appellee receivers. There was a trial before a jury and a verdict and judgment in favor of the appellees.

The negligence alleged was the failure of appellee's servants to keep a proper and efficient lookout for persons and property on its tracks, the result of which was that appellant's intestate, while walking along the track, was struck and killed by the moving train. It was further alleged that the train was traveling at an excessive rate of speed at the time the deceased was struck; that his body was dismembered and its fragments scattered along the track for a distance of more than a quarter of a mile. In addition to the damages laid for loss of contribution, appellant alleged that damage was augmented by the mental anguish endured because of the mutilation of the body. The answer denied negligence in the operation of the train and pleaded the negligence of the deceased in an equal or greater degree than the negligence of the operatives of the train. Further, the defense was made that the deceased was not in fact killed by the moving train, but from another cause and his body placed upon the track by an independent agent.

There was testimony to support the last-named contention and the trial court submitted it to the jury by an instruction which is complained of and made one of the grounds for reversal. The instruction told the jury that if plaintiff's (appellant's) intestate was dead before defendant ran over him it was the duty of the jury to return a verdict for the defendant. In this connection complaint is also made of the refusal of the trial court to give, at appellant's request, an instruction which in effect told the jury that if deceased was killed as a result of the failure of appellee's operatives to keep a proper lookout and that his body was dismembered and mutilated, appellant would be entitled to damages for the mutilation of the body.

In the present state of the record we conclude that no prejudice resulted in the matters complained of above and we would not reverse the case for those reasons.

Under our lookout statute (§ 8568, Crawford & Moses' Digest), contributory negligence is not a defense, where the injury is caused by failure to keep a lookout. *Missouri P. Rd. Co.* v. *Williams,* 180 Ark. 453, 21 S. W. (2d) 858; *Missouri P. Rd. Co.* v. *Grady,* 188 Ark. 302, 65 S. W. (2d) 539; *Baldwin et al. Trustees* v. *Brim,* 192 Ark. 252, 91 S. W. (2d) 255. The trial court, therefore, properly gave instruction No. 3, requested by the defendant, as follows:

"You are instructed that it is the duty of all persons running trains in this state upon any railroad to keep a constant lookout for a person or property upon the track of any and all railroads; and if any person or property shall be killed or injured by the negligence of any employee of any railroad to keep such lookout, the company owning or operating any such railroad shall be liable and responsible to the person injured for all damages resulting from the neglect to keep such lookout, notwithstanding the contributory negligence of the person injured, where, if such lookout had been kept, the employee or employees in charge of such train of such company could have discovered the peril of the person injured in time to have prevented the injury by the exercise of reasonable care after the discovery of such peril, and the burden of the proof shall devolve upon such railroad to establish the fact that this duty to keep such lookout has been performed."

After this, the court gave, over the objection and exception of appellant, instruction No. 4, requested by the appellee, as follows:

"You are instructed that if you find from the evidence that plaintiff's intestate was killed by defendant's train and his death was due to negligence on the part of the engine crew on said train, but find further that the deceased was himself guilty of negligence to an equal or greater degree your verdict should be for the defendants."

The appellants duly preserved their exceptions to the giving of this instruction in their motion for a new trial and contend that the giving of it was prejudicial error. This contention must be sustained. It will be

observed that it is in direct conflict with instruction No. 3, *supra,* and, under the rule frequently announced must work a reversal of the case. *Herring* v. *Bollinger,* 181 Ark. 925, 29 S. W. (2d) 676. The appellee seeks to justify this instruction on the theory that there were grounds of negligence other than that of failing to keep a proper lookout submitted to the jury, and that, as to these, contributory negligence of equal or greater degree was a defense. This may be true, but, as requested and given, it included all of the acts of negligence alleged, one of which was the failure to keep a proper lookout which was, in fact, the principal ground of negligence presented. This instruction, being inherently erroneous and in conflict with a proper instruction, a general objection was sufficient to preserve the error.

The judgment is, therefore, reversed, and the cause remanded for a new trial.