ARGENTA SPECIAL SCHOOL DISTRICT *v.* STRICKLAND.

Opinion delivered February 27, 1922.

1. SCHOOLS AND SCHOOL DISTRICTS—AUTHORITY TO DISCHARGE TEACHER.
—Where a contract of a school board employing a teacher stipulated that his services might be dispensed with and his salary discontinued at any time after it has been decided by a majority of said board that his services were unsatisfactory, the board was authorized to dispense with the teacher's services at any time after he had entered upon the performance of his contract whenever a majority of the board determined for any reason that such services were unsatisfactory, and this could be done without giving him any notice of their contemplated action in that regard; but the board was not authorized to discharge the teacher before he had entered upon his services, upon the ground that his services would be unsatisfactory because of certain protests made by patrons of the school.

2. TRIAL—DIRECTING VERDICT.—Where the undisputed evidence established that a school board wrongfully discharged a teacher, and that he was damaged in the sum the board had contracted to pay him, it was not error to direct a verdict for him in that sum.

Appeal from Pulaski Circuit Court, Second Division; *Guy Fulk*, Judge; affirmed.

*Coleman, Robinson & House*, for appellant.

The majority of the board had the right to discharge the plaintiff. 13 C. J. Contracts, § 768; 36 Fed. 414; 1 L. R. A. 645; 182 Pac. 428; 6 A. L. R. 1493. The court should have instructed a verdict for defendant.

*Fred A. Isgrig* and *Hendricks & Snodgrass*, for appellee.

WOOD, J.    The appellant and the appellee entered into the following contract:

"TEACHER'S CONTRACT WITH THE ARGENTA SCHOOL BOARD.

"I, J. P. Strickland, hereby enter the service of the Argenta schools in the capacity of teacher, for the sum of $110 per month, with the understanding that my services may be dispensed with and my salary discontinued at any time after it has been decided by a major-

ity of said board that my services are unsatisfactory. Term to begin in September and continue nine months.

"I hold first grade license, which expires...............1919.

"Argenta, Ark.

"April 23, 1919."

The appellee instituted this action against the appellant, and in his complaint set up the contract and alleged that the appellant arbitrarily refused to permit the appellee to carry out his contract, although he was ready and willing to do so, to his damage in the sum of $990, for which he prayed judgment.

In its answer the appellant admitted the contract, and set up that at a meeting of its board of directors held in the city of North Little Rock on the 8th day of August, 1919, a majority of the board found that the services of the appellee were unsatisfactory and discharged him pursuant to the provisions of the contract. It denied that it arbitrarily refused to permit the appellee to carry out the contract.

The undisputed testimony shows that the appellant on August 8, 1919, at a meeting of its board of directors, by a majority of the board, discharged the appellee on the ground that his services were unsatisfactory. The undisputed testimony further shows that the board discharged the appellee without giving him any notice of its contemplated action. At the conclusion of the testimony the court refused to grant the prayer of the appellant to instruct a verdict in its favor, but over the objection of the appellant granted the appellee's prayer to instruct a verdict in his favor in the sum of $990. From the judgment in appellee's favor for that sum is this appeal.

The appellant contends that under the contract it had the absolute right to determine, in advance of the time when the appellee's services were to begin under the contract, that such services would be unsatisfactory to the appellant and to discharge him without notice. We cannot agree with the appellant in this construction

of the contract.    The contract contemplated that the appellee would render services to the appellant as teacher, such services to begin in September and to continue for nine school months.    The appellant violated its contract by discharging the appellee before the time for his services to commence.    The contract was for appellee's services, and the board could not discharge the appellee on the ground that his "services were unsatisfactory" before he had performed any service under the contract and before the time when he was to begin to render service to the district.    The board unquestionably would have had the right under the contract to have dispensed with appellee's services at any time after the appellee had entered upon the performance of his contract, whenever a majority of the board determined for any reason that such services were unsatisfactory, and a majority had such right to dispense with his services without giving him any notice of their contemplated action in that regard. 13 C. J. sec. 768; *Campbell Printing Press Co.* v. *Thorp,* 36 Fed. 414; 1 L. R. A. 645 and note; *Tiffany* v. *Pacific Sewer Pipe Co.,* 182 Pac. 428, 6 A. L. R. 1493.

But the board, as the undisputed evidence shows, undertook to discharge the appellee, not on the ground that any services actually rendered were unsatisfactory, but on the ground that his services would be unsatisfactory because of certain protests that had been made by patrons of the school, and certain charges brought to the attention of the board against the appellee's moral character, which, whether true or not, in the judgment of the board rendered his employment as a teacher inadvisable and any services contemplated by the contract unsatisfactory.

To be sure, the board had the inherent power to discharge the appellee as a teacher on the ground of immorality or general unfitness at any time before his services began or after he had entered upon his services under the contract.    But, if the board did discharge appellee on the above grounds, it was incumbent upon it

to justify its conduct by proof that the dismissal of appellee was because of immoralities or other causes rendering him incompetent or unfit to teach in the public schools. The board did not attempt to justify its action by making such proof, but defended solely on the ground that the contract itself gave the majority of the board the right to discharge him at any time after the contract was executed, if they concluded his services would be unsatisfactory, and even before the services began. The undisputed testimony shows that there was a clear breach of contract on the part of the appellant; that the appellee, during the time contemplated by the contract when he was to render services to the appellant, was ready to perform those services; that he had tried to find work and had failed. The undisputed testimony shows that appellant by its breach of contract had damaged the appellee in the sum of $990, the amount the board had contracted to pay him for his services. The court therefore correctly ruled in instructing the jury to return a verdict in favor of the appellee and in rendering judgment in his favor for such sum. Affirmed.