ADLER v. ST. LOUIS SOUTHWESTERN RAILWAY COMPANY.

Opinion delivered June 14, 1926.

1. RAILROADS—FAILURE OF TRAINMEN TO KEEP LOOKOUT.—A railroad is liable for injuries due to a breach of its duty to keep a constant lookout, notwithstanding the contributory negligence of the person injured.

2. RAILROADS—FAILURE TO GIVE WARNING.—Where plaintiff was struck by a train at a station, on his admission that he had seen the train stop at the water tank 246 feet south of the station and knew that it would approach the station in a few minutes, it was not error to fail to submit defendant's negligence in not giving statutory warning by bell or whistle.

Appeal from Lonoke Circuit Court; *George W. Clark*, Judge; affirmed.

STATEMENT BY THE COURT.

M. Adler sued the St. Louis Southwestern Railway Company for personal injuries received on account of the alleged negligence of the defendant in operating one of its passenger trains in approaching the station at England, Arkansas.

The defendant denied negligence in operating its train.

According to the testimony of the plaintiff, on the morning of the 10th day of January, 1924, he came from Stuttgart, Arkansas, to England, Arkansas, to meet his intended wife and to accompany her to Little Rock, where they were to be married. His train arrived at England about 8:45 A. M., and he got out on the platform to meet his intended wife and some friends. After conversing with them, he started down the station platform north to where the passenger coach was placed, for the purpose of boarding the train and being carried to Little Rock, when the train from Pine Bluff should come in and the coach should be attached to it. The plaintiff saw a train at the water-tank, taking water, 246 feet south of the station, and knew that this train was coming on up to the station. He did not know, however, which track it would come on, and supposed it would give the statutory

warning by blowing the whistle or ringing the bell after it left the water-tank and approached the station. As he walked up the platform with his intended wife and her friends, he found the platform crowded with persons, and could not make his way along except by pushing through the crowd. There was a small space, probably fifteen inches, between where the mail-bags were placed and the main track. He started to pass between the mail-bags and the track, and was struck by the train. He did not look back after he started walking towards the station to see if the train was coming. He did not know the train was approaching, because he did not hear the bell ringing or the whistle blowing. The train was coming in slowly, and there was nothing to prevent the engineer from seeing the plaintiff and the rest of the crowd. When the pilot-beam of the engine struck the plaintiff, he was knocked over, and both bones in his left leg were broken near his ankle.

According to the testimony of the engineer operating the train that struck the plaintiff, the engine was equipped with a good bell which operates automatically. After leaving the water-tank, he started the bell ringing and kept it ringing until after the plaintiff was struck. The engine had an automatic air-brake, which was in first-class condition, and it was pulling three cars. The engineer saw the crowd of people on the station platform, and for that reason slowed down the train, and was moving into the station about as fast as one could walk. Suddenly and unexpectedly the plaintiff stepped over close to the track, and the pilot-beam pushed him over and caused his leg to catch on the step. As soon as the engineer saw the plaintiff so approaching close to the engine, he slammed the brakes on and stopped the train in about five feet after it struck the plaintiff. He also gave the whistle a short pull as soon as he saw that the plaintiff was in danger of being struck by the engine.

Several witnesses who were on the station platform, and saw the accident, corroborated the testimony of the engineer.

The court, over the objections of the plaintiff, gave to the jury the following instructions:

"No. 5.   In this case, as I stated to you a while ago, the plaintiff having admitted that he had knowledge of the existence of train at the water-tank, you cannot predicate a verdict on the alleged failure of defendant to ring the bell or sound the whistle, even though you may find from the evidence in this case that the bell was not ringing as it approached the crossing there and approached the station; that failure, in view of the plaintiff's admission that he saw the train down there, would not authorize you in finding a verdict against the company.

"No. 6.   Under the evidence in this case, gentlemen of the jury, the only act of negligence submitted to you as against the defendant in this case is whether or not they kept a lookout required under the statute, after discovering that the plaintiff was at or near their tracks. All other alleged acts of negligence have passed out of the case as not material, and you are to determine the right of the plaintiff to recover here and whether or not the law has been met and complied with upon the part of the engineer in charge of the locomotive in keeping a lookout required under the statute for persons at or near the track of the approaching trains."

The jury returned a verdict in favor of the defendant, and from the judgment rendered the plaintiff has duly prosecuted an appeal to this court.

*Gray & Morris* and *Emerson & Donham,* for appellant.

*J. R. Turney, A. H. Kiskaddon, H. T. Wooldridge* and *W. T. Wooldridge,* for appellee.

HART, J., (after stating the facts).   Under our statute it is the duty of the railroad to maintain a constant lookout, and if it appears that those in control of a train, in discharge of their statutory duty to keep a lookout, discovered or should have discovered a person upon or near the track in time to avert an injury to him, and failed to do so, the railroad becomes liable to him in damages, notwithstanding the fact of the contributory negli-

gence of the person walking upon or near the track placed him in peril. *Gregory* v. *Mo. Pac. Rd. Co.,* 168 Ark. 469; *Davis* v. *Scott,* 151 Ark. 34; and *St. Louis S. W. Ry. Co.* v. *Douglas,* 119 Ark. 33.

The instructions copied in our statement of facts show that the court submitted to the jury the doctrine of discovered peril and the statutory duty of the defendant to keep a lookout.

It is contended by counsel for the plaintiff that the circuit court erred in not submitting to the jury the question of the negligence of the defendant in failing to give the statutory warning of the approach of the train by ringing the bell or sounding the whistle.

While several witnesses for the defendant testified that the bell was ringing after the train left the water-tank and while it was approaching the station, still, according to the testimony of the plaintiff, the jury might have found that the bell was not kept ringing after the train left the water-tank.

The plaintiff admitted that he saw the train stop at the water-tank to take water, and that this was 246 feet south of the station. In company with his intended wife and some friends, the plaintiff then started up the platform to get in a coach which was placed on the track to be attached to the train going north to Little Rock. The plaintiff admits that he did not look back as he walked up the platform, but claims that the defendant was negligent in not ringing the bell so as to warn him of the approach of the train.

In this respect the case at bar is different from the Douglas and Davis cases just cited. In each of those cases the plaintiff admitted that he saw the train approaching, and of course had all the warning which could have been given him by ringing the bell or sounding the whistle.

In the present case, while the plaintiff did not look back and see the train approaching, still he had all the warning of its approach that was necessary. He had

formerly lived at England, and was perfectly familiar with the situation there. He knew that the coach in which he had ridden from Stuttgart would be placed on the main track at England and would be taken up by the northbound passenger train from Pine Bluff. He saw a train 246 feet south of the station, taking water. He started up the platform for the purpose of getting in the coach which was to be attached to a train from the south going north. He knew that his train was due, and there is no other reasonable inference but that he must have known that the train which stopped to take water was the train which he was waiting for. He knew that, within a few minutes, the train would approach the station. Thus it will be seen that he had all the warning which could have been given him by ringing the bell or sounding the whistle. There was no evidence from which to predicate negligence on the part of the defendant in failing to give the statutory signals as to the approach of the train as the proximate cause of the injury to the plaintiff.

In this connection it may be stated that the court instructed the jury on the doctrine of comparative negligence under § 8575 of Crawford & Moses' Digest in accordance with its construction in the cases above cited.

We find no reversible error in the record, and the judgment will therefore be affirmed.