JEMELL *v.* ST. LOUIS SOUTHWESTERN RAILWAY COMPANY.

Opinion delivered December 10, 1928.

*Trimble & Trimble* and *Bogle & Sharp,* for appellant.

*A. H. Kiskaddon, Carter, Jones & Turney, Charles A. Walls* and *N. F. Lamb,* for appellee.

HART, C. J., (after stating the facts). We need not consider the alleged errors of the plaintiff with regard to the giving and refusing of instructions, for the reason that the court should have directed a verdict in favor of the defendant.

Counsel for the plaintiff seek a reversal of the judgment on the authority of *Adler* v. *St. Louis Southwestern Ry. Co.,* 171 Ark. 419, 284 S. W. 729; *Kelley* v. *De Queen & Eastern Ry. Co.,* 174 Ark. 1000, 298 S. W. 347, and other cases of like character which have construed § 8575 of Crawford & Moses' Digest, which provides, in all suits against railroads for personal injury caused by the running of trains in this State, contributory negligence shall not prevent a recovery where the negligence of the person so injured is of less degree than the negligence of the employees of the railroad company. We do not think the cases referred to have any application under the facts in the present case. In all of them there was a disputed question of fact as to whether the proper lookout required by the statute was kept, and whether or not the lack of keeping a proper lookout was the proximate cause of the accident, and therefore constituted negligence on the part of the company which could not bar a recovery notwithstanding the jury might also find that the injured person was guilty of contributory negligence.

In the case at bar the fireman, who was keeping a lookout on the engine of the passenger train, testified that he saw the plaintiff drive up to the edge of the ties at the public crossing where the accident occurred, and then back down the grade again. He then supposed that the plaintiff would not attempt to run up the grade again until after the train had passed. The plaintiff admitted that he did not look for the approach of the passenger train, and admitted that he could have seen it if he had looked. The track was straight at that point,

and the reason that the plaintiff did not see the approaching train was that he did not look. When he admits that he did not look, when, if he had looked, he could have stopped his car in time to have avoided the accident, he cannot recover, because his own negligence directly contributed to the happening of the accident, and there was no negligence whatever on the part of the defendant, because the fireman was justified, under the circumstances, in believing that the defendant, when he backed his car down the grade just before the accident, would not drive up the grade again in front of a rapidly approaching train. It was the duty of the plaintiff to use his sense of sight to avoid injury to himself when he was about to go upon the public crossing, which is admittedly a place of danger, where he could have seen an approaching train if he had looked for it. The time to look for his own protection was just before going up the grade upon the crossing. His own failure to observe this precaution was the proximate cause of the accident. As we have already seen, the fireman saw him approaching the crossing and then back down the grade just before the accident occurred. The fireman, under the circumstances, was justified in believing that the plaintiff would not again attempt to go upon the public crossing until after the train had passed.

The facts bring the case within the rule announced in *St. Louis-San Francisco Ry. Co.* v. *McClinton, ante,* p. 73, 9 S. W. (2d) 1060. As said in that case, while there is a presumption of negligence arising out of the fact that the plaintiff was injured by the operation of the train, where the undisputed evidence is such that it must necessarily appear that the plaintiff's negligence was greater than that of the operator of the train, a recovery is not authorized by § 8575 of Crawford & Moses' Digest.

It follows that, if the court should have directed a verdict for the defendant, no error prejudicial to the rights of the plaintiff was committed in giving or refusing instructions. Therefore the judgment will be affirmed.