Chicago, Rock Island & Pacific Railway Company v. French.

Opinion delivered May 12, 1930.

778

*Thos. S. Busbee* and *George B. Pugh,* for appellant.
*W. L. Kincannon* and *Evans & Evans,* for appellee.

KIRBY, J. (After stating the facts). Appellant insists that the court erred in not directing a verdict in its favor, contending that there was no negligence shown on its part approximately contributing to the injury, or, if so, that the contributory negligence of appellee was greater in degree than its negligence, preventing a recovery in the case. The testimony was in conflict as to whether the signals were given, and the proper lookout kept by the trainmen in approaching the crossing, and, there being substantial testimony that such was not the case, the question of appellant's negligence was one for the jury. Neither do we agree with appellant's contention that the undisputed testimony shows that appellee's contributory negligence was greater in degree than the negligence of appellant, and should have been declared so by the court, and a verdict directed against him. The facts of the case bring it within the provisions of the statute, § 8575, C. & M. Digest, commonly known as the comparative negligence statute, there being substantial evidence in the record tending to show negligence on the part of appellant and its employees, as well as contributory negligence on the part of appellee. Under that statute an injured party guilty of contributory negligence cannot recover damages for an injury, unless his negligence is of a less degree than the negligence of the railroad company. The facts in this case present this issue of whether the negligence of the injured person was of a less degree than that of the railroad company, and, since it cannot be said that the undisputed testimony shows such to have been the case, it was a question properly determinable by the jury. *Jemell* v. *St. L. Sw. Railway Co.,* 178 Ark. 578, 11 S. W. (2d) 449; *Chicago, R. I. & P. Ry. Co.* v. *McKamy,* 180 Ark. 1095, 25 S. W. (2d) 5.

Appellant argues that, since appellee had time to stop his slow-moving car after passing the sign board, which obstructed his view of the oncoming train, and did not look again and discover his danger and stop the car, it should be said as a matter of law that his contributory negligence was not of less degree than that of appellant company; but he was only about twenty feet from the crossing, when he leaned out and looked down the track and did not see the train, and, not being aware that his vision was obstructed by the sign board which prevented his seeing it, and not hearing the signals he was expecting to be given, he continued driving on toward the tracks, and it cannot be said as a matter of law under the circumstances that his negligence in not stopping was not of a less degree than the negligence of the railroad company causing the accident in approaching the crossing without a proper lookout, and the giving of the statutory signals as the jury found was the case. Since no complaint is made of the amount of the recovery, which was much less than the amount sued for, it will be assumed it was diminished in proportion to the contributory negligence of the appellee.

We find no error in the record, and the judgment must be affirmed. It is so ordered.