CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY
v. THOMAS.

Opinion delivered October 26, 1931.

458

460

*Thos. S. Buzbee* and *George B. Pugh,* for appellant.

*John L. McClellan* and *Wm. H. Glover,* for appellee.

HART, C. J., (after stating the facts). Counsel for the defendant rely upon the principles of law decided in *Jemell* v. *St. Louis Southwestern Railway Company,* 178 Ark. 578, 11 S. W. (2d) 449, for a reversal of the judgment. They admit that there was a presumption of negligence when the plaintiffs proved that their injuries were received by the passenger motor coach of the defendant colliding with the automobile in which they were

riding at the public crossing over the defendant's railroad. They claim, however, that the facts in the present case bring it within the principles of law decided in the Jemell case, but we cannot agree with them in this contention. In the Jemell case the operative of the train saw the plaintiff drive upgrade to the edge of the tracks at the public crossing and then back down the grade. He supposed that the plaintiff would not again attempt to run up the grade until after the train had passed. The plaintiff admitted that he did not look for the approach of the passenger train and admitted that he could have seen it if he had looked. The railroad track was straight at that point. When the plaintiff admitted that he did not look and could have stopped his car in time to avoid the accident if he had looked, he could not recover because his own negligence directly contributed to the happening of the accident, and there was no negligence on the part of the defendant because the fireman who was keeping the watchout was justified under the circumstances in believing that the plaintiff, when he backed his car down the grade just before the accident, would not drive up the grade again in front of a rapidly approaching train. The train was running at the rate of thirty-five or forty miles per hour.

Here the jury might have found that the facts were essentially different. According to the testimony of the plaintiffs, they were keeping a watchout for a train on the tracks of the railroad company. They were prevented from seeing the approaching train because of some bushes growing along the side of the railroad. There was no upgrade at the crossing. It was practically level. The engineer of the defendant's passenger coach admits that he saw the automobile in which the plaintiffs were riding about 200 feet away, but supposed that it was going to stop. He did not look around again until just before the accident occurred. From this testimony, the jury might have inferred that the negligence of the railroad company was greater than that of the plaintiffs. It will be remembered that there was a presumption of negli-

gence from the fact that the plaintiffs were injured by the defendant's passenger motor car striking the car in which the plaintiffs were riding at a public crossing over the railroad. The jury might have found that the railroad operatives did not sound the whistle nor ring the bell for the approaching crossing as required by statute. The plaintiffs themselves testified that their eyesight and hearing were both good, and that they did not hear the bell ringing or the whistle sounding as the passenger coach approached the crossing. They were listening for these statutory signals and could have heard them if they had been given. There were no sounds or other disturbances to interfere with their hearing, and their testimony cannot be classed as negative. It was affirmative testimony under the circumstances, and was entitled to such weight as the jury saw fit to give it. *Fort Smith & Western Ry. Co.* v. *Messek,* 96 Ark. 242, 131 S. W. 686; *Slattery* v. *New York, N. H. & H. Rd. Co.,* 203 Mass. 453, 89 N. E. 622; *Brown* v. *Milwaukee Electric Ry. & Light Co.,* 148 Wis. 98, 133 N. W. 589; *Philadelphia, B. & W. Rd. Co.* v. *Gatta,* 4 Boyce Del. 38, 85 Atl. 721, 47 L. R. A. (N. S.) 932.

There was a conflict in the testimony in this case, and it cannot be said as a matter of law that plaintiff's contributory negligence was greater in degree than the negligence of the defendant. Hence there was no error in the court refusing to direct a verdict against the plaintiffs.

Under § 8575 of Crawford & Moses' Digest, commonly known as the comparative negligence statute, an injured party, guilty of contributory negligence, cannot recover damages for an injury unless his negligence is of a less degree than the negligence of the railroad company. As we have already seen, the facts and circumstances adduced in evidence in this case make it a jury question whether the negligence of the plaintiffs was of a less degree than that of the defendant. *Davis* v. *Hareford,* 156 Ark. 67, 245 S. W. 833; *C. R. I. & P Ry. Co.* v. *French,* 181 Ark. 777, 27 S. W. (2d) 1021; *St. L. S. F. Ry.*

*Co.* v. *Haynes,* 177 Ark. 104, 5 S. W. (2d) 737; *Mo. Pac. Rd. Co.* v. *Sandifur,* 183 Ark. 196, 32 S. W. (2d) 316.

No other assignments of error are urged for a reversal of the judgment, and it will therefore be affirmed.