Ross *v.* Alexander.

4-7041                                    169 S. W. 2d 863

Opinion delivered April 5, 1943.

*J. M. Smallwood,* for appellant.

*Partain, Agee & Partain,* for appellee.

Robins, J.    This suit was instituted in the lower court by appellants against appellees to recover the sum of $350.25 on a check of that amount dated November 10, 1939, drawn on the Bank of Mulberry, Arkansas, signed "J. J. Forrest, Cattle Account," executed by the appellee Forrest in payment for twenty-one cattle bought from the appellants, and on which payment had been refused by the bank.   Appellee Forrest did not dispute liability on the check.   Appellee Alexander was joined as a defendant, it being alleged in appellant's complaint that Alexander and Forrest were partners in the purchase of the cattle. Alexander in his answer denied the existence of such partnership, and the issue thus formed was the only one in the case, the court having directed a verdict against Forrest for the amount of the check. This question was submitted to the jury upon the testimony of the parties and other witnesses and upon instructions given by the court, which are not complained of here, defining a partnership relationship. From judg-

ment entered on the jury's verdict in favor of Alexander this appeal is prosecuted.

The sole contention of appellants is that the trial judge should have directed a verdict in their favor against Alexander. This court has often said that, in testing the correctness of a ruling of the trial court in granting or refusing a request for a directed verdict, the evidence adduced in favor of the party against whom a directed verdict was asked must be given the highest probative force that it will reasonably bear. *Fair Oaks Stave Company* v. *Cross,* 177 Ark. 1146, 9 S. W. 2d 580; *Missouri Pacific Railroad Company* v. *Paty,* 184 Ark. 198, 39 S. W. 2d 311; *W. P. Brown & Sons Lumber Company* v. *Oaties,* 189 Ark. 338, 72 S. W. 2d 213; *Safeway Stores* v. *Mosely,* 192 Ark. 1059, 95 S. W. 2d 1136.

Appellee Alexander testified that he was not a partner of Forrest in the transaction involved in this litigation; that he simply agreed to lend Forrest $500 to assist him in buying cattle, and that he deposited $500 in the bank in what was designated "Paul Alexander Cattle Account," and authorized the bank to permit Forrest to draw checks on this account; that there was no agreement whatever between him and Forrest that he was to share with Forrest the profits resulting from Forrest's cattle dealing; that after some time he became dissatisfied and told Forrest that he was going to close out the "Paul Alexander Cattle Account," which he did by withdrawing from the bank the balance of $141.65 remaining in that account; and that he had never been able to collect anything from Forrest, except this $141.65, plus the proceeds of certain livestock which he had succeeded in getting from Forrest, but which did not discharge the balance which he claimed Forrest owed him. It was not contended by appellants that Alexander held himself out as a partner of Forrest, nor is there any proof that appellants, in selling their cattle to Forrest and accepting Forrest's check in payment therefor, were relying on the existence of a partnership relation between Forrest and Alexander. Alexander's testimony, as to some material phases of the matter, was contradicted by that of Forrest, who testified that there was a partnership be-

tween him and Alexander, and that under the original arrangement Alexander was to receive one-half of the profits of the cattle business, but that afterwards Alexander voluntarily offered to reduce his proportion of the profits to one-third.

The question of the truth or falsity of the testimony of these parties was one for the jury to settle, and the lower court did not err in refusing appellants' request for a directed verdict. The jury saw fit to accept Alexander's version of the matter, rather than that of Forrest. We cannot say that there was no substantial testimony to support the verdict of the jury, and the judgment of the lower court is accordingly affirmed.