CROWNOVER *v.* ALREAD SCHOOL DISTRICT No. 7.

4-8150                                    200 S. W. 2d 809

Opinion delivered April 7, 1947.

*Charley Eddy,* for appellant.

*J. F. Koone* and *Opie Rogers,* for appellee.

ED. F. McFADDIN, Justice.   The question for determination on this appeal is : was there sufficient evidence introduced to take the case to the jury, on the issue of whether the school district had adequate cause to discharge the schoolteacher?

## FACTS

On September 17, 1945, the appellee, Alread School District, entered into a written contract with the appellant, Miss Crownover, whereby the district employed her to teach school for eight months at a salary of $100 per month.   The contract was on the regular form used by school districts in this state.   Miss Crownover com-

menced teaching the same day the contract was signed, and continued until January 11, 1946, when she received from the school board a written notice of discharge. She was paid for the four months she had taught, but was denied payment for the remaining four months. She filed this action against the school district for $400 as the balance claimed by her under the contract. The school district defended on the ground that it had the right to discharge Miss Crownover for adequate cause, which cause will be discussed herein. The case was tried to a jury under instructions admitted to be correct; and there was a verdict and judgment for the school district. For a reversal, Miss Crownover brings this appeal, and urges here only one assignment of error, to-wit, that the trial court erred in refusing to direct a verdict in her favor.

## OPINION

At the outset, we state two general rules of law applicable to this appeal:

(1) When the appellant claims that the trial court erred in refusing an instructed verdict for appellant, then on appeal this court must give the evidence for the appellee its highest probative value. *Benefit Assn.* v. *McKamey*, 205 Ark. 949, 171 S. W. 2d 937, and cases there cited. See, also, *Ross* v. *Alexander*, 205 Ark. 663, 169 S. W. 2d 863.

(2) A teacher, although employed for a fixed term, may be discharged by the school board at any time for incompetency, negligence in the discharge of duties, or willful refusal to obey lawful and proper orders. 47 Am. Juris. 387, "Schools," § 126. Every contract made with a teacher includes the implied power of the board to dismiss for adequate cause. 47 Am. Juris. 386, "Schools," § 125. Our own cases have recognized and applied the rules stated in this paragraph. Some of our cases are: *School District* v. *Maury*, 53 Ark. 471, 14 S. W. 669; *Argenta School District* v. *Strickland*, 152 Ark. 215, 238 S. W. 9; *Ottinger* v. *School District,* 157 Ark. 82, 247 S. W. 789; *Gardner* v. *North Little Rock School District,* 161

Ark. 466, 257 S. W. 73; *Berry* v. *Arnold School District*, 199 Ark. 1118, 137 S. W. 2d 256. See, also, West's Arkansas Digest, "Schools and School Districts," § 141; and see annotation in 49 A. L. R. 482, where cases are collected on the right of a school board to discharge a teacher at any time for incompetency or negligence in the discharge of duties.

With these recognized principles of law to guide us, we revert to the question: Was there sufficient evidence introduced to take the case to the jury on the issue of whether the school board had adequate cause to discharge the teacher? Disinterested witnesses testified as to Miss Crownover's quick temper and sharp language. The school principal detailed a series of incidents going to show that Miss Crownover was unable to maintain discipline in her room, and was negligent in the discharge of her duties. The school principal testified that Miss Crownover had (a) refused to obey the orders of the school principal; (b) insulted him, and otherwise shown him disrespect in the presence of the pupils; (c) failed to keep order in her schoolroom; (d) humiliated the pupils; and (e) engaged in a snowball fight during school hours. In addition, it was testified by the president of the school board that he personally visited her classroom, and observed the complete lack of discipline and order there existing. The secretary of the school board testified that on January 10, 1946, when the principal attempted to resign because of his inability to have Miss Crownover obey the rules of the principal, the secretary went to Miss Crownover and asked her to meet with the directors and school principal to see if the existing differences could be settled; and the secretary testified that Miss Crownover absolutely refused to meet with the directors and school principal.

From the evidence already mentioned, it is our opinion—in the light of the cases and authorities cited—that a fact question was made for the jury. Of course, there was evidence offered by Miss Crownover that she was not at fault; but the weighing of the evidence is not for

this appellate court. We emphasize that, in all of the evidence there is not the slightest indication or intimation that Miss Crownover was guilty of any act touching her character or integrity. This was her first effort as a schoolteacher; it is possible that she did not possess, at that time, the poise, patience, fortitude and equilibrium so essential to a teacher of children in the seventh and eighth grades. Her experience at the Alread School District will undoubtedly tend to increase her efficiency, for experience is a good teacher. But under the record before us, there was sufficient evidence to carry the case to the jury, and so the judgment of the circuit court is in all things affirmed.