MISSOURI PACIFIC RAILROAD COMPANY, THOMPSON, TRUSTEE v. PETERS.

4-9767                                          249 S. W. 2d 304

Opinion delivered June 2, 1952.

*Pat Mehaffy* and *Thos. Harper,* for appellant.

*Robinson & Edwards,* for appellee.

Ed. F. McFaddin, Justice. This is a railroad crossing case. Appellee, Peters, brought action and recovered judgment for $3,000 for property damage and personal injuries sustained by him in a railroad crossing collision between his automobile and a switching train of appellant. To reverse the judgment, appellant prosecutes this appeal, and presents the questions now to be discussed.

I. *Sufficiency Of The Evidence.* The appellant insists that a directed verdict should have been given for the railroad company, because—appellant claims—the undisputed evidence shows that there was no negligence on the part of the appellant's employees. It is uncontradicted: (a) that the collision occurred at Fourth Street crossing, in the City of Van Buren; (b) that there are two railroad tracks at this crossing, one being a main track, and the other a switch track; and (c) that the train involved was using the switch track. Plaintiff testified that some time after 8:00 P. M. on the night of January 12th, he was driving on Fourth Street in his automobile and approached the crossing. We quote his testimony:

''I looked up the railway track, and I didn't see anything. It was dark and I couldn't see anything. I didn't see any lights of any description. I looked back down into the yard before I got to the crossing, to the right, toward the roundhouse, and I saw a man with a lantern down in to the yards, not too far, he was a pretty good piece, I don't know just how far, but I saw him; but just before I started across the railroad track I looked back to my left, just started to look back to my left, to cross the track, which a man would look back straight to go across, and I just glanced back to my left and I saw the corner of a box car and it hit me just like that (witness snaps fingers). Then when this car hit me it threw me

out, and when I came to myself I was on my way to the hospital.''

The defendant's witnesses testified that the plaintiff was not hit by the end of a boxcar being switched over the track, as plaintiff claimed. Instead, defendant's witnesses testified that plaintiff drove his automobile into the fourth car in a string of boxcars being switched over the crossing. There was thus a sharply disputed question of fact as to whether the plaintiff's automobile was struck by the front of the switching train, in which event the plaintiff might have a chance to recover, or whether he drove his automobile into a boxcar already occupying the crossing, in which event the plaintiff could not recover. Under our system of jurisprudence, it is the function of the jury to settle disputed questions of fact in such a case as this one. The trial court was correct in submitting the fact question to the jury.

II. *Instructions.* The trial court submitted the case to the jury on 27 instructions. Of these, 17 were given by the court on its own motion, and 10 were given at the request of the defendant. Many of these instructions are not abstracted in the briefs. In such a situation, the rule governing this Court on appeal is stated on page 146 of C. R. Stevenson's 1948 Edition of Supreme Court Procedure:

''All instructions must be set out in the abstract and when not set out, errors will not be considered unless the instructions are so inherently defective that they could not be cured by others. *Morris* v. *Raymond,* 132 Ark. 449, 201 S. W. 116; *Harrelson* v. *Eureka Springs Elec. Co.,* 121 Ark. 269, 181 S. W. 922; . . .

''Error of the court in refusing an instruction asked will not be considered where appellant's abstract fails to set out the other instructions given by the court. *St. L. I. M. & S. R. Co.* v. *Boyles,* 78 Ark. 374, 95 S. W. 783; *Keller* v. *Sawyer,* 104 Ark. 375, 149 S. W. 334.''

The only assignment which appellant urges regarding instructions is one relating to the court's Instruction No. 13. In that Instruction, the court submitted to the

jury for decision the question of whether the statutory signals were given as required by § 73-716 Ark. Stats. Appellant says that *all* of the evidence "is to the effect that the signals were given."

Even assuming we can examine this Instruction, in the absence of the abstracting of all the Instructions, nevertheless, we conclude there was no error by the court in giving this Instruction. The plaintiff testified that he was looking and listening, and that he heard no sound and saw no signal.

"Q. Could you see that crossing as you approached it on 4th Street?

"A. I could see that crossing.

"Q. Was it occupied by any train?

"A. It was not.

"Q. Was there any light on the end of that car?

"A. There was not a light.

"Q. Was there a flagman there at the crossing?

"A. There was not a flagman at the crossing.

"Q. Was the bell ringing or the whistle blowing?

"A. I heard no sound and could see no signals."

Under the ruling of this Court in the case of *Missouri Pacific* v. *Rogers,* 206 Ark. 1052, 178 S. W. 2d 667, a case was made for the jury as to the signals, because in the cited case we said:

"This argument rests upon the theory that the testimony relating to the ringing of the bell is negative in its character, and, therefore, wholly lacking in evidentiary value. Many decisions of this Court may be found declaring the rule to be, that where a witness, in possession of his faculties of hearing, was so situated that he would have heard signals had they been given, testifies that he heard no such signals, such testimony cannot be classed as negative in its character. Such testimony is treated as being affirmative testimony, tending to establish the

fact that such signals were in fact not given, and is entitled to such weight as the jury sees fit to give it. *Fort Smith & Western Ry. Co.* v. *Messeck*, 96 Ark. 243, 131 S. W. 686, 966; *Chicago, Rock Island & Pacific Ry. Co.* v. *Thomas*, 184 Ark. 457, 42 S. W. 2d 762 and cases therein cited; *Missouri Pacific RR. Co.* v. *Rogers*, 184 Ark. 725, 43 S. W. 2d 757, and cases therein cited.''

III. *Excessive Verdict.* Finally, appellant claims that the verdict awarded appellee is grossly excessive. Here is the appellant's argument:

''Undoubtedly, he had some pain and suffering during the three weeks in bed, and perhaps some prior to his return to work, but since no permanent partial disability is shown, and since the damages shown by his temporary disability, including damage to his car, amounted only to $562.85, the remainder of the $3,000 verdict must have been awarded for pain and suffering. Appellant submits an award of that amount for pain and suffering is wholly unjustified in view of the evidence of the slight nature of the injuries, and that the verdict is grossly excessive and should be reduced.''

The verdict was for $3,000. The appellee was rendered temporarily unconscious by the collision. He was taken to a hospital in Fort Smith, where he remained for six days. Then he remained in bed at his home for three additional weeks. He lost a total of six weeks from his work and his earning record shows that he received from $40 to $60 per week. His hospital bill was $92.85; his doctor's bill was $65; his medical bill was $30; his automobile was damaged or ruined at a loss of $135. The appellee testified that he suffered injuries to his head, back, left arm, and left knee; that his right arm was cut; that his left side ''turned black,'' as did his left arm; that he had severe headaches, continuing down to the date of the trial; and that the lower part of his back was hurt so that he could hardly stoop, and even at the time of the trial, he suffered severe pain in his back when he stooped over. From the evidence, we cannot say as a

matter of law that the total verdict of $3,000 is grossly excessive.[1]

The judgment in the case at bar is affirmed.

---

[1] For recent cases involving verdicts claimed to be excessive, attention is called to *Missouri Pacific* v. *Newton,* 205 Ark. 353, 168 S. W. 2d 812; *C. R. I. & P. Ry. Co.* v. *Caple,* 207 Ark. 52, 179 S. W. 2d 151; *Ozan Lumber Co.* v. *Tidwell,* 210 Ark. 942, 198 S. W. 2d 182; *Missouri Pacific* v. *Diffee,* 212 Ark. 55, 205 S. W. 2d 458; and *East Texas Motor Freight* v. *Buck,* 213 Ark. 630, 212 S. W. 2d 13. Also there are extensive and exhaustive Annotations, not only on the excessiveness of verdicts, but the inadequacy of verdicts, which Annotations are contained in 16 A. L. R. 2d 3, and 16 A. L. R. 2d 393.