ROWE v. DICKERSON.

5-1003                                    295 S. W. 2d 305

Opinion delivered October 15, 1956.

[Rehearing denied November 19, 1956.]

*Jack Yates* and *Harper, Harper & Young*, for appellant.

*Wiley W. Bean, Taylor & Cravens* and *Mark E. Woolsey*, for appellee.

ED. F. MCFADDIN, Associate Justice. This litigation results from a traffic mishap in the City of Clarksville. Appellant Rowe's car struck the car driven by appellee Dickerson, and the Jury awarded Dickerson damages. Only two questions are presented on this appeal.

I. *Rowe's Motion For An Instructed Verdict.* Rowe claims that the Trial Court erred in refusing his motion for an instructed verdict. It is Rowe's contention that Dickerson was guilty of contributory negligence as a matter of law. Viewing the facts in the light most favorable to the appellee,[1] it appears: (a) that Rowe was driving East on Main Street; (b) that his speed was between 30 and 45 miles per hour in a school zone where the speed was restricted to 15 miles per hour; (c) that Dickerson, driving North on Rogers Street, came to a complete stop before entering Main Street; (d) that Dickerson turned left to go West on Main Street; (e) that Dickerson then observed Rowe approaching rapidly from the West on Main Street; (f) that Dickerson came to a com-

---

[1] As is our established rule: see *Crownover* v. *Alread School Dist.,* 211 Ark. 449, 200 S. W. 2d 809; and *Black & White Co.* v. *Doville,* 221 Ark. 66, 251 S. W. 2d 1005.

plete stop before crossing the center line of Main Street; (g) that it appeared that Rowe was attempting to pass Dickerson on Rowe's left side rather than on Rowe's right side; (h) that the right front of Rowe's car struck the left side of Dickerson's car, causing the damages and injuries later to be discussed.

Rowe argues that Dickerson was guilty of contributory negligence as a matter of law, in stopping in Rowe's right hand traffic lane, and that such negligence is a complete bar[2] to Dickerson's recovery. But the testimony reflects that Rowe was proceeding at a rapid and unlawful speed; that Dickerson was keeping a good lookout; and that it appeared that Rowe was about to cross to Rowe's left and pass in front of Dickerson's car. Under such evidence, it was a question of fact whether Dickerson — confronted by an emergency due to Rowe's excessive speed — should have speeded up to get across the South side of Main Street, or should have stopped to leave the North side of Main Street open for Rowe to use, since it appeared that he was headed in that direction. In *Coca-Cola Bottling Co.* v. *Doud*, 189 Ark. 986, 76 S. W. 2d 87, we held that when a person is confronted with a sudden emergency created by the negligence of another, the course of conduct adopted is to be measured by what the ordinary prudent man would do in an emergency, rather than what he might do on more mature deliberation. It was for the Jury to decide whether, under the emergency created by Rowe's rapid speed, Dickerson pursued the proper course in stopping as he did. See also *East* v. *Woodruff*, 209 Ark. 1046, 193 S. W. 2d 664. We, therefore, hold that the Trial Court correctly denied the motion for an instructed verdict.

II. *Amount Of The Verdict.* Dickerson recovered $4,000 for personal injuries;[3] and Rowe claims that this verdict is grossly excessive. A study of the record discloses that Dickerson's evidence is very meager as to

---

[2] Because of the date of this traffic mishap, it is apparently conceded by all parties that this case is governed by our old rule (that contributory negligence was a complete bar) rather than our new comparative negligence statute, which is Act No. 191 of 1955.

[3] The firm of J. W. Dickerson recovered $181.37 for damages to its vehicle, and that verdict is not questioned on this appeal.

many matters usually found in a case like this one.[4] The record does, however, disclose that Dickerson suffered a whiplash syndrome[5] as a result of the collision. The attending physician testified that Dickerson had great pain in the left arm, left shoulder, the cervical spine and neck, marked swelling and a large abrasion midway between the shoulder and elbow of the left arm; that there was no evidence of a fracture of the bone, but that the pain was extremely severe; that later a small tumor of scar tissue had to be removed; that Dickerson was placed in the Baptist Hospital in Little Rock, where such operation took place.

The doctor also testified that, in his opinion, for the first four months Dickerson suffered up to a 25% injury of the entire body and that, in his opinion at the end of a year, Dickerson's disability would be from 8% to 10% of the body as a whole; *and that such disability would be permanent.* It was furthermore shown that Dickerson had lost considerable time from his work and was unable to work even at the time of the trial. Dickerson was a grocery salesman and delivery man and was 54 years of age at the time of the injury. The Jury had a right to consider his age, his residual disability, and the pain that he had suffered and would continue to suffer.

In view of all of the foregoing, we cannot say that the verdict, even under the meager evidence, is grossly excessive. That is the test. See: *Missouri Pacific R. Co.* v. *Newton,* 205 Ark. 353, 168 S. W. 2d 812; and *Missouri Pacific R. Co.* v. *Peters,* 220 Ark. 657, 249 S. W. 2d 304.

Affirmed.

---

[4] For instance: (a) nowhere in the record can we find any figure as to how much Dickerson was earning at the time of the mishap; (b) Dickerson had an operation in a Little Rock hospital, but the amount of the hospital and surgeon's charges are not shown in the record.

[5] The physician testified that it was what was commonly called a "whiplash neck, which is a name given injuries of this type of painful areas or a complexus of symptoms."