441 P.2d 723

**Wilda E. McBRIDE, Claimant-Appellant,**

v.

**J. R. SIMPLOT COMPANY and Argonaut Northwest Insurance Company, Defendants-Respondents.**

No. 10067.

Supreme Court of Idaho.

April 2, 1968.

McClenahan & Greenfield, Boise, for appellant.

Moffatt, Thomas, Barrett & Blanton, Boise, for appellee.

SMITH, Chief Justice.

Appellant challenges the decision of the Industrial Accident Board denying her workmen's compensation benefits for an alleged back injury which, she asserts, was caused by an accident arising out of and in the course of her employment by respondent, J. R. Simplot Company.

Appellant raises the single issue, that the findings of the board are not supported by substantial competent evidence in that, though positive evidence adduced by the testimony of appellant conflicts with asserted negative evidence adduced by the testimony of other witnesses, nevertheless the board erred in denying compensation inasmuch as positive evidence supports appellant's contention of her entitlement to compensation.

About midnight August 22, 1966, appellant cut her thumb while working in the food processing division of her employer. She thereupon left the immediate area of her work and complained of feeling somewhat sick and light-headed, but she did not faint. The "lead lady," appellant's supervisor, testified that she followed appellant, helped her to sit down on the floor, and ordered a stretcher; that two men, co-employees, placed appellant on the stretcher; that appellant was taken through a sliding door, placed in a station wagon and taken to a hospital.

At the hospital, the attending physician noticed a bruised area in appellant's hip region; he stated, "there was some ecchymosis over the lower back * * * but

I could not comment as to its significance or * * * duration."

Appellant's medical history for some six years prior to August 22, 1966, shows that she had had four back injuries for which she was hospitalized twice and treated on many occasions; also shows a continuous history of pains and aches in the area of her back; also, that attending physicians felt that appellant overemphasized or exaggerated her symptoms.

Testimony of four witnesses related to the chain of events which occurred after appellant sustained the thumb injury until she arrived at the hospital. Those witnesses stated that appellant made no comment as to any bumping or dropping, or injury to her back, nor did they observe any such bumping despite close observation. Appellant's testimony in that regard is to the contrary.

Appellant, after she had cut her thumb and had left her immediate work area, feeling somewhat sick and light-headed, stated she fell to her knees, thereby straining her back. Such testimony conflicts with the lead lady's testimony referred to hereinbefore.

At the hearing, appellant testified that when she felt faint she slumped into the arms of two attendants; that she was bumped on the ground while three attendants carried her on a stretcher to the station wagon; also, that she was bumped on the tail gate when being put into the station wagon.

The witnesses who observed the events also testified concerning the stretcher used in moving appellant. In that regard the board found, "These observers also testified the canvas-bottomed stretcher was on four six-inch legs, thus making it difficult for her [appellant] to touch the ground or the level base of the station wagon."

All of the lay witnesses who aided and assisted appellant onto the stretcher, into the station wagon and to the hospital testified from first hand knowledge concerning all of the happenings or evidence having to do with the moving of appellant. They testified that at no time during those events was appellant bumped on the ground or on the station wagon. One witness who was standing within close proximity testified that the men who loaded her onto the stretcher and into the station wagon were "very careful." This witness was about four feet away and looking directly toward the station wagon, with a side view of all of the activities.

The aforementioned witnesses were in a position to, and they did, observe appellant from the time of the thumb injury until she arrived at the hospital. All affirmatively stated that appellant was not bumped or dropped during those maneuvers.

Appellant related different versions of the alleged accident to physicians. She hold her immediate attending physician that she "may" have slipped and bumped her back on leaving her employer's plant after the thumb injury. She told another physician that the injury to her back occurred when she "had a spell of light-headedness and slipped to the ground, injuring her back." She told still another physician that her back had been injured when she was placed in the station wagon or during her trip to the hospital.

We are aware of the general rule that mere negative evidence is not entitled to the same weight as positive evidence. The general rule however, is subject to the exception that where the evidence of an affirmative and positive issue necessarily consists in proof that a thing did not exist or an act did not take place, and the witness was placed under such circumstances and was in such position that he could as readily see and would as likely have seen or heard as the witness who testified that the act occurred or the thing did exist, then the testimony of such witness partakes of the nature of positive evidence and becomes proof of a positive issue. Fleenor v. Oregon Short Line R. Co., 16 Idaho 781, 102 P. 897 (1909).

" ' * * * Ordinarily, when one witness testifies positively that a certain thing existed or happened, and another witness, with equal means of knowing, testified that the thing did not exist or happen the so-called negative testimony is so far positive in its character that a court could not say that it was entitled to less weight than the affirmative testimony.' " Fleenor v. Oregon Short Line R. Co., supra at 16 Idaho 795, 102 P. 901, quoting with approval from Riley v. Northern P. Ry. Co., 36 Mont. 545, 93 P. 948 (1908).

See annot., 140 A.L.R. 530–534; see also Phillips v. Kurn, 145 F.2d 908 (8th Cir. 1944); Missouri Pac. R. Co. v. Peters, 220 Ark. 657, 249 S.W.2d 304 (1952); Perry v. Butler, 142 Me. 154, 48 A.2d 631 (1946); Bradshaw v. Bench Sewer District, 90 Idaho 557, 414 P.2d 661 (1966); Ralph v. Union Pacific Railroad Company, 82 Idaho 240, 247, 351 P.2d 464, 467 (1960); Southern Pacific Company v. Cavallo, 84 Ariz. 24, 323 P.2d 1 (1958); Merlino v. Southern Pacific Company, 132 Cal.App.2d 58, 281 P.2d 583 (1955); Tymkowicz v. San Jose Unified School District, 151 Cal.App.2d 517, 312 P.2d 388 (1957); Broberg v. Northern Pac. Ry. Co., 120 Mont. 280, 182 P.2d 851 (1947).

█ The weight to be given the testimony and the credibility of witnesses are peculiarly within the province of the Industrial Accident Board. Bradshaw v. Bench Sewer District, supra; Bennett v. Bunker Hill Company, 88 Idaho 300, 399 P.2d 270 (1965). Where the findings of the Industrial Accident Board, as here, are supported by substantial and competent, though conflicting, evidence, the Supreme Court will not disturb those findings. Idaho Const., Art. 5, Sec. 9; Bennett v. Bunker Hill Company, supra; Duerock v. Acarregui, 87 Idaho 24, 390 P.2d 55 (1964); Comish v. J. R. Simplot Fertilizer Co., 86 Idaho 79, 383 P.2d 333 (1963); Findley v. Flanigan, 84 Idaho 473, 373 P.2d 551

(1962); Flasche v. Bunker Hill Company, 83 Idaho 420, 363 P.2d 1024 (1961).

Judgment affirmed.

TAYLOR, McQUADE, McFADDEN and SPEAR, JJ., concur.